IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 4:14-CV-50-FL

| | |
|---|---|
| STEVEN GLENN: JOHNSON and STEVEN GLENN JOHNSON | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| THE STATE OF NORTH CAROLINA, THE UNITED STATES OF AMERICA, and THE FEDERAL RESERVE, And all those similarly situated, | ) ) ) ) ) ) |
| Defendants. | ) |

ORDER

This matter comes now before the court on plaintiff's motion for entry of default (DE 12). For reasons given, the motion is denied.

**BACKGROUND**

Plaintiff, filing *pro se*, commenced this action on March 28, 2014, alleging fifty-two (52) "causes" pertaining to defendants' use of a "series of claims/causes . . . either to deprive [plaintiff] of his rights to life, liberty and property . . . or in the extreme, plunder" the plaintiff. (Compl., ¶ 6(c), DE 1). Plaintiff alleges that he exercised his right to "just compensation" by issuing his own negotiable instruments and promissory notes, but was prevented from doing so by the Federal Reserve and the governments of the United States and the State of North Carolina. (Id. at ¶ 6(d)).

On April 22, 2014, plaintiff filed a document titled "Proof of Service," signed by a third party, Roden Tyler Summers. (DE 7). Page one contains a statement that Summers "served a copy

1

of the summons provided by the Clerk of Court and a copy of this pleading" upon defendants by certified mail, return receipt requested. (DE 7 at 1). The "Proof of Service" document also includes the completed second page of form United States Administrative Office form no. 440 "Summons in a Civil Action," with reference to the State of North Carolina. It contains Summers's declaration, under penalty of perjury, that he "mailed this summons via certified mail receipt # 7010 1870 0001 6943 2562 on April 16, 2014 with the US [sic] Postal Service." (DE 7 at 2).

On June 4, 2014, defendants Federal Reserve and United States of America filed a motion to dismiss for lack of jurisdiction. (DE 9), to which plaintiff has responded in opposition (DE 15), and those defendants replied. (DE 16). Here, however, the court focuses upon the request by plaintiff for entry of default. The State of North Carolina has not responded to the complaint, and on June 17, 2014, plaintiff filed a motion for entry of default. (DE 12). The court turns its attention now to this motion.

## DISCUSSION

Rule 55 of the Federal Rules of Civil Procedure provides that default is warranted when a party "has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). However, "[a]bsent waiver or consent, a failure to obtain proper service on the defendant deprives the court of personal jurisdiction over the defendant." Koehler v. Dodwell, 152 F.3d 304, 306 (4th Cir. 1998). Further, "any judgment entered against a defendant over whom the court does not have personal jurisdiction is void." Id.

Federal Rule of Civil Procedure 4(j) provides that a state must be served by either delivering a copy of the summons and complaint to the state's chief executive officer, or by "serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such

2

defendant." Fed. R. Civ. P. 4(j). Under North Carolina law, the state may be served "by mailing a copy of the summons and of the complaint, registered or certified mail, return receipt requested, addressed to the Attorney General or to a deputy or assistant attorney general." N.C. Gen. Stat. § 1A-1, Rule 4(l). Finally, Federal Rule of Civil Procedure 4(l)(1) provides that, "[u]nless service is waived, proof of service must be made to the court. Except for service by a United States marshal or deputy marshal, proof must be by the server's affidavit." Fed. R. Civ. P. 4(l)(1).

Plaintiff's documents do not prove service. Although plaintiff has provided a statement under perjury that a summons was mailed, this statement does not prove summons and complaint were received by the state of North Carolina. (DE 7 at 2). Reference to a certified mail receipt number is insufficient to show this.

Accordingly, plaintiff has not shown that proper service has been made, and that the state of North Carolina has failed to plead or otherwise defend, plaintiff's request for entry of default must be denied. See Md. State Firemen's Ass'n v. Chaves, 166 F.R.D. 353, 354 (D. Md. 1996) ("It is axiomatic that service of process must be effective under the Federal Rules of Civil Procedure before a default or a default judgment may be entered against a defendant."); see also Henderson v. Los Angeles Cnty., No. 5:13-CV-635-FL, 2013 WL 6255610, *1 (E.D.N.C. Dec. 4, 2013).

## CONCLUSION

Based on the foregoing, plaintiff's request for entry of default (DE 12) is DENIED, without prejudice.

SO ORDERED, this the 11th day of July, 2014.

_____
LOUISE W. FLANAGAN
United States District Judge

3