IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 4:14-CV-50-FL

| | |
|---|---|
| STEVEN GLENN: JOHNSON and STEVEN GLENN JOHNSON | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )<br>) ORDER |
| THE STATE OF NORTH CAROLINA, THE UNITED STATES OF AMERICA, and THE FEDERAL RESERVE, And all those similarly situated, | )<br>)<br>)<br>)<br>) |
| Defendants. | ) |

This matter comes now before the court on plaintiff's second motion for entry of default (DE 19). For reasons given, the motion is granted.

### BACKGROUND

Plaintiff, filing *pro se*, commenced this action on March 28, 2014, alleging fifty-two (52) "causes" pertaining to defendants' use of a "series of claims/causes . . . either to deprive [plaintiff] of his rights to life, liberty and property . . . or in the extreme, plunder" the plaintiff. (Compl., ¶ 6(c), DE 1). Plaintiff alleges that he exercised his right to "just compensation" by issuing his own negotiable instruments and promissory notes, but was prevented from doing so by the Federal Reserve and the governments of the United States and the State of North Carolina. (Id. at ¶ 6(d)).

On June 4, 2014, defendants Federal Reserve and United States of America filed a motion to dismiss for lack of jurisdiction. (DE 9), to which plaintiff has responded in opposition (DE 15),

and those defendants replied. (DE 16). On June 28, 2014, plaintiff filed an addendum to his affidavit in opposition to this motion to dismiss. (DE 21).

Here, however, the court focuses upon the request by plaintiff for entry of default. Plaintiff previously filed a motion for default against the State of North Carolina (DE 12), which the court denied, holding that plaintiff had not proven service. Johnson v. State of North Carolina, No. 4:14-CV-50-FL, at 3 (E.D.N.C. July 14, 2014). On July 16, 2014, plaintiff filed the instant motion for entry of default, (DE 19), and an affidavit of return receipt and proof of receipt, (DE 18), and subsequently filed an affidavit in support. (DE 20). The State of North Carolina has not responded to the complaint, nor has it responded to either motion for entry of default.

**DISCUSSION**

Rule 55(a) of the Federal Rules of Civil Procedure provides that default must be entered when a party "has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Federal Rule of Civil Procedure 4(j) provides that a state must be served by either delivering a copy of the summons and complaint to the state's chief executive officer, or by "serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such defendant." Under North Carolina law, the state may be served "by mailing a copy of the summons and of the complaint, registered or certified mail, return receipt requested, addressed to the Attorney General or to a deputy or assistant attorney general." N.C. Gen. Stat. § 1A-1, Rule 4(l). Finally, Federal Rule of Civil Procedure 4(l)(1) provides that, "[u]nless service is waived, proof of service must be made to the court. Except for service by a United States marshal or deputy marshal, proof must be by the server's affidavit." Fed. R. Civ. P. 4(l)(1).

2

Plaintiff previously submitted the completed second page of United States Administrative Office form no. 440 signed by a third party, Roden Tyler Summers, who stated under perjury that he mailed the summons to the State of North Carolina. (DE 7 at 2). Plaintiff now submits copies of the original postal receipts showing delivery of the summons on the Attorney General of the State of North Carolina via certified mail on April 21, 2014. Plaintiff has also provided an affidavit showing that the State of North Carolina has failed to plead or otherwise defend. Accordingly, plaintiff has satisfied the requirements of Rules 4(j), 4(l) and 55(a), and plaintiff's request for entry of default must be allowed.

## CONCLUSION

Based on the foregoing, plaintiff's motion for entry of default (DE 19) is GRANTED. The clerk is hereby DIRECTED to enter default for the State of North Carolina. A copy of this order also shall be served upon the State of North Carolina.

SO ORDERED, this the 12th day of August, 2014.

_____
LOUISE W. FLANAGAN
United States District Judge