IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 4:14-CV-50-FL

| | |
|---|---|
| STEVEN GLENN: JOHNSON and STEVEN GLENN JOHNSON ) ) ) Plaintiff, ) ) v. ) ) THE STATE OF NORTH CAROLINA, ) THE UNITED STATES OF AMERICA, ) and THE FEDERAL RESERVE, And all ) those similarly situated, ) ) Defendants. ) | ORDER |

This matter comes now before the court on the State of North Carolina's motion to set aside entry of default (DE 27), plaintiff's motion to strike affidavit supporting this defendant's motion (DE 30), plaintiff's motion seeking the court to reconsider its direction to the State of North Carolina to require a more thorough examination (DE 33), together with plaintiff's underlying motion for default judgment (DE 25). The issues raised are ripe for ruling.

**BACKGROUND**

Plaintiff, filing *pro se*, commenced this action on March 28, 2014, alleging fifty-two (52) "causes" pertaining to defendants' use of a "series of claims/causes . . . either to deprive [plaintiff] of his rights to life, liberty and property . . . or in the extreme, plunder" the plaintiff. (Compl., ¶ 6(c), DE 1). Plaintiff alleges that he exercised his right to "just compensation" by issuing his own

negotiable instruments and promissory notes, but was prevented from doing so by the Federal Reserve and the governments of the United States and the State of North Carolina. (Id. at ¶ 6(d)).

On June 4, 2014, defendants Federal Reserve and United States of America filed a motion to dismiss for lack of jurisdiction. (DE 9), to which plaintiff has responded in opposition (DE 15), and those defendants replied. (DE 16). On June 28, 2014, plaintiff filed an addendum to his affidavit in opposition to this motion to dismiss. (DE 21). This motion remains pending.

On July 16, 2014, plaintiff filed a renewed motion for entry of default, (DE 19), and an affidavit of return receipt and proof of receipt, (DE 18), and subsequently filed an affidavit in support. (DE 20). Where the State of North Carolina had not responded to the complaint, nor to either motion for entry of default, upon that showing made by plaintiff, default was entered against the State of North Carolina on August 20, 2014. The instant motions catalogued above revolve around this circumstance.

**DISCUSSION**

The court's focus necessarily is on defendant's motion to set aside entry of default, where if default is set aside, plaintiff's motion for judgment will become moot. Before moving forward to consider the merits of defendant's motion, however, the court must take up plaintiff's ancillary motions, variously seeking the court to strike the affidavit of Melissa Lovell, offered by this defendant in furtherance of its motion, and that the court engage more thoroughly the State of North Carolina, beyond the scope of its October 8, 2014, directive.

Good cause under law, and the facts herein presented, has not been shown for either result that plaintiff seeks. Accordingly, without more, the motions to strike (DE 30) and to reconsider (DE 33) must be and are DENIED.

2

When deciding whether to set aside an entry of default, a district court should consider whether the moving party has a meritorious defense, whether it acts with reasonable promptness, the personal responsibility of the defaulting party, the prejudice to the party, whether there is a history of dilatory action, and the availability of sanctions less drastic. Payne ex rel. Estate of Calzada v. Brake, 439 F.3d 198, 205-5 (4th Cir. 2006). See Fed.R.Civ.P. 55(c) (providing that "[f]or good cause shown the court may set aside an entry of default"). As noted by the Fourth Circuit in Colleton Preparatory Academy v. Hoover Universal, the court has been consistent in its determination that defaults be avoided:

> We have repeatedly expressed a strong preference that, as a general matter, defaults be avoided and that claims and defenses be disposed of on their merits. E.g., Tazco, Inc. v. Director, Office of Workers Compensation Program, U.S. Dep't of Labor, 895 F.2d 949, 950 (4th Cir.1990) ("The law disfavors default judgments as a general matter."); Consolidated Masonry & Fireproofing, 383 F.2d at 251 ("Generally a default should be set aside where the moving party acts with reasonable promptness and alleges a meritorious defense."). This imperative arises in myriad procedural contexts, but its primacy is never doubted.

616 F.3d 413, 417 (4th Cir. 2010).

Considering the factors at issue, and guided by the strong preference stated in this circuit, good cause having been shown, the State of North Carolina's motion to set aside entry of default (DE 27) is ALLOWED. The drastic measure of such a sanction against the State of North Carolina, the reasonable promptness of this defendant's actions in response, and the lack of prejudice to plaintiff all militate towards this result. Accordingly, plaintiff's motion for default judgment (DE 25) is DENIED as MOOT.

If plaintiff seeks to proceed on this action also against the State of North Carolina, he must renew his service efforts and accomplish service properly upon it.

SO ORDERED, this the 10th day of November, 2014.

_____
LOUISE W. FLANAGAN
United States District Judge